UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                             :    Chapter 11
                                                                  :
    Walsam 316, LLC, *et al*,[1]                    :    Case No.  24-11231 (MEW)
                                                                  :
                Debtors.               :    Jointly Administered
------------------------------------------------------------x

## ORDER APPROVING SALE OF PROPERTY

Upon the application ("Application") of Walsam 316, LLC and the other debtors in these jointly administered cases (the "Debtors") seeking entry of an order (the "Order"), pursuant to sections 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) approving the sale of the Property, to 4-6 Bleeker St LLC or its designated affiliate (the "Purchaser") free and clear of all liens, claims, encumbrances, and other interests to the fullest extent permitted by section 363(f) of the Bankruptcy Code, in accordance with and subject to the terms and conditions contained in that certain Agreement of Purchase and Sale, dated as of September, 2024, between the Debtor and the Purchaser (the "Sale Agreement"), a copy of which is attached hereto, authorizing the Debtors to take all action necessary to consummate, the transactions contemplated in the Sale Agreement (the "Sale"), and  granting related relief, all as more fully set forth in the Application; and the Debtors having marketed the Property; and the Debtors having determined that the Purchaser has submitted the highest and otherwise best bid for the Property; and the Court having held a hearing on December 12, 2024 (the "Sale Hearing") to

---

[1]    The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows:  Walsam 316, LLC (2104), Walsam 316 Bowery LLC (2463), Walsam Bleecker LLC (9753), Lawber Bowery LLC (9365) and 316 Bowery Next Generation LLC (8739).

approve the Sale; and the Court having reviewed and considered the Application, the objections to the Application and Sale, if any, all other pleadings filed in support of the Application, and the arguments of counsel made, and the evidence proffered or adduced at the Sale Hearing; and due and proper notice of the Motion and the form of this Order having been provided; and no objection to the Sale and this Order having been made; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, creditors and all other parties in interest; and upon the record of the Sale Hearing and the chapter 11 cases; and after due deliberation thereon; and good cause appearing therefor,

**THE COURT HEREBY FINDS AS FOLLOWS:**

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court may enter a final order hereon under Article III of the U.S. Constitution.

B. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

D. The predicates for the relief requested by this Application are sections 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006.

E. Upon entry of this Order, the Debtors have or will be deemed to have full corporate power and authority to execute and deliver the Sale Agreement and all other documents contemplated thereby (collectively, the "<u>Transaction Documents</u>"), to consummate the

transactions contemplated thereby, and to take all further actions as may reasonably be requested by the Purchaser for the purpose of transferring the Property. No consents or approvals other than those expressly provided for in the Sale Agreement are required for the Debtors to consummate the Sale.

F.    As evidenced by the certificates of service previously filed with the Court, proper, timely, adequate, and sufficient notice of the Hearing, the Sale, and the transactions contemplated thereby, and a fair and reasonable opportunity to object and to be heard, has been given to all interested persons and entities in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the *Guidelines for the Conduct of Asset Sales*, adopted by General Order M-331, dated September 5, 2006, as amended by General Order M-383, dated November 18, 2009, and as updated June 17, 2013, and no further notice is required.

G.    The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for, and compelling circumstances to promptly consummate, the Sale and the other transactions contemplated by the Transaction Documents. The Transaction Documents, and the consummation of the transactions contemplated thereby, including the Sale, constitutes the highest or otherwise best offer for the Property and a reasonable exercise of the Debtors' sound business judgment.

H.    The Transaction Documents were negotiated, proposed, and entered into by the Debtors and the Purchaser without collusion, in good faith, and from arm's-length bargaining positions. There is no evidence before the Court that the Debtors, the Purchaser, any other party in interest, or any of their respective representatives, has engaged in any conduct that would cause or permit the Transaction Documents, or the consummation of the Sale, to be avoidable or avoided, or for costs or damages to be imposed, or has acted in bad faith or in any improper or collusive

manner with any person or entity in connection therewith. The Purchaser is a good faith purchaser for value and, as such, is entitled to all of the protections afforded to such purchasers under the Bankruptcy Code and any other applicable or similar bankruptcy and non-bankruptcy law. The Purchaser is not an "insider" or "affiliate" of the Debtors as those terms are defined in the Bankruptcy Code, and no common identity of incorporators, directors, or controlling stockholders exists between the Debtors and the Purchaser.

I.  The Debtors may sell the Property free and clear of all liens, claims (including those that constitute a "claim" as defined in section 101(5) of the Bankruptcy Code) or other encumbrances, rights, obligations, liabilities, and any other interest of any kind or nature whatsoever against the Debtors or the Property, and all related security interests, liens, and encumbrances) and all claims based upon successor liability, transferee or vicarious liability, de facto merger, or theories of similar effect (collectively, the "<u>Interests</u>") to the fullest extent permitted by section 363(f) of the Bankruptcy Code, <u>provided</u>, that such Interests shall attach solely to the proceeds of the Sale in the order of their priority, and with the same validity, extent, nature, perfection, force and effect that they have against such Property immediately prior to consummation of the Sale.

J.  The transfer of the Property to the Purchaser as set forth in the Sale Agreement will be a legal, valid, and effective transfer of the Property, and will vest the Purchaser with all right, title, and interest to the Property free and clear of all Interests (other than the Permitted Exceptions) to the fullest extent permitted by section 363(f) of the Bankruptcy Code.

K.  The legal and factual bases set forth in the Application and at the Sale Hearing establish just cause for the relief granted herein.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1. The Application and the relief requested therein are **GRANTED** and **APPROVED** to the extent set forth herein.

2. No party has objected to the Sale or to the application of the provisions of section 363(f) of the Bankruptcy Code, and so all such objections are barred.

3. The terms and conditions of the Sale Agreement and Transaction Documents, and the Sale contemplated thereby, including the Purchase Price (as defined in the Sale Agreement) of $2,325,000, are hereby authorized and approved.

4. At the closing of the Sale, the Debtors shall, and hereby are authorized to, fully satisfy the post-petition real estate taxes (if any) and closing costs due.

5. Pursuant to sections 363 and 365 of the Bankruptcy Code, the Property shall be transferred to the Purchaser on the date of the closing of the Sale free and clear of all Interests to the fullest extent permitted by section 363(f) of the Bankruptcy Code; provided, that such Interests, shall attach solely to the proceeds of the Sale in the order of their priority, and with the same validity, extent, nature, perfection, force and effect that they have against such Property immediately prior to consummation of the Sale. All persons and entities are hereby forever prohibited, enjoined, and barred from taking any action that would adversely affect or interfere, or that would be inconsistent with the ability of (a) the Debtors to sell and transfer the Property to the Purchaser free and clear of all Interests in accordance with and subject to the terms of the Transaction Documents and this Order or (b) the Purchaser to acquire, take possession of, use and operate the Property in accordance with the terms of the Transaction Documents and this Order.

6. To the fullest extent permitted by section 363(f) of the Bankruptcy Code, and except as expressly permitted by the Sale Agreement and the September 16, 2024 Settlement

Agreement between 4-6 Bleecker, LLC, the Debtors and Lawland Bleecker LLC, pursuant to which the Property is being sold, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade creditors, dealers, employees, litigation claimants, and other creditors, holding Interests against or in a Debtors or the Property (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtors, the Property, or the operation of the Property before the closing of the Sale, or the transactions contemplated by the Sale Agreement and the other Transaction Documents, including the Sale, are forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such persons' or entities' Interests, whether by payment, setoff, or otherwise, directly or indirectly, against the Purchaser and its affiliates, or any successors or assigns, its respective property and the Property. Following the closing of the Sale, no party shall interfere with the Purchaser's title to, or use and enjoyment of, the Property based on or related to any such Interest or based on any action the Debtors have taken or may take in the Debtors' chapter 11 cases.

7. Following the date of the closing of the Sale, the Purchaser may, but shall not be required to, file a certified copy of this Order in any filing or recording office in any federal, state, county, or other jurisdiction in which the Debtors are incorporated or have or had real or personal property, or with any other appropriate clerk or recorded with any other appropriate recorder, and, to the extent permitted by applicable law, such filing or recording may be accepted and shall be sufficient to release, discharge, and terminate any of the Interests as set forth in this Order as of the Closing.

8.     At the closing of the Sale, (a) each of the Debtors' creditors is authorized to execute such documents and take all other actions as may be reasonably necessary to release its Interests in or against the Property, if any, as such Interests may have been recorded or otherwise exist and (b) the Debtors and the Purchaser are authorized to take such actions as may be necessary to obtain a release of any and all Interests in, on or against the Property, if any, and to the extent contemplated hereby and by the Transaction Documents.  Each and every federal, state, and county governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Sale Agreement.

9.     At the closing of the Sale, the Debtors are authorized to (a) execute and deliver such documents as may be necessary to close the sale of the Property to the Purchaser as set forth in the Sale Agreement, and (b) turn over to the Purchaser the Property, and all books, records, files, and other documents relating to the Property in accordance with the terms of the Transaction Documents.

10.    To the greatest extent available under applicable law and in accordance with the Sale Agreement and the other Transaction Documents, the Purchaser shall be authorized, as of the closing of the Sale, to operate under any license, permit, registration, and governmental authorization or approval of the Debtors with respect to the Property, and, to the greatest extent available under applicable law and in accordance with the Sale Agreement and the other Transaction Documents, all such licenses, permits, registrations, and governmental authorizations and approvals are deemed to have been transferred to the Purchaser as of the closing of the Sale.

11.    Pursuant to sections 363 and 365 of the Bankruptcy Code, tenant leases associated with the Property, if any, (the "Tenant Leases") shall be, and hereby are, assigned to the Purchaser

as of the closing of the Sale. The Debtors are authorized and directed to take all actions necessary to effectuate the assignment of the Tenant Leases to the Purchaser, including but not limited to, executing and delivering any documents or instruments required to complete such assignments. *provided, however,* that 4-6 Bleecker, LLC hereby expressly reserve all of its rights and remedies in respect of rents owing to it under the subleases with its residential tenants through the closing of the contract of sale with the Purchaser, and the termination shall neither effect, nor diminish 4-6 Bleecker, LLC's pre-termination rights, nor grant the Purchaser any rights to rentals that have accrued prior to the closing

12. The Purchaser shall assume and perform all obligations under the Tenant Leases arising from and after the closing date of the Sale, and the Debtors shall be freed from any obligations under the Tenant Leases following that date.

13. In addition, upon consummation of the Sale, the Lease dated April 16, 2013 made by 316 Bowery Realty Corp. (landlord and predecessor owner) with 4-6 Bleeker Street LLC (Master Tenant) as evidenced by the Memorandum of Lease recorded on May 1, 2013 in CFRN 20130000173886 by this order shall be terminated of record and the right of first refusal contained therein shall extinguish in its entirety as per the terms of the Stipulation of Settlement executed by the Master Tenant and the Debtors herein.

14. The Purchaser has not agreed to assume liabilities except to the extent specified in the Sale Agreement. Upon consummation of the Sale, to the fullest extent permitted by section 363(f) of the Bankruptcy Code, the Purchaser shall not, by virtue of the Sale and/or the Purchaser's continued ownership and operation of the Property following the date of the closing of the Sale, be deemed, now or in the future, to (a) be the successor to the Debtors, (b) have, *de facto* or

8

otherwise, merged or consolidated with or into the Debtors, or (c) be a mere continuation, alter ego, or substantial continuation of the Debtors (or be vicariously liable for or with the Debtors).

15. The transactions contemplated by the Transaction Documents are undertaken by the Purchaser without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided by this Order to consummate the transactions contemplated by the Sale Agreement and the other Transaction Documents, including the Sale, shall not alter, affect, limit, or otherwise impair the validity of the sale of the Property to the Purchaser.  The Debtors and the Purchaser shall be acting in good faith if they proceed to consummate the Sale in accordance with the Sale Agreement, the other Transaction Documents, and the terms set forth herein.

16. The Sale is occurring pursuant to the terms of a confirmed plan of reorganization. Notwithstanding any provision of state or local law imposing a transfer tax or similar tax, pursuant to section 1146(a) of the Bankruptcy Code, the sale of the Property authorized by this Order shall not be subject to any transfer, recording, stamp, or similar tax, provided that the closing of the sale occurs after the confirmation of a Chapter 11 plan of reorganization or liquidation for the Debtors that provides for such sale. All governmental units and recording officers are hereby directed to accept this Order as evidence of such exemption.

17. The terms and provisions of the Transaction Documents and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors and their affiliates, successors and assigns, its estate, and its creditors, the Purchaser, and its respective affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons asserting Interests in, on or against the Property to be sold to the Purchaser and any trustees, examiners, "responsible persons," liquidating trusts, liquidating trustees; and the Transaction

Documents shall not be subject to rejection or avoidance under any circumstances. If any order under section 1112 of the Bankruptcy Code is entered, such order shall provide (in accordance with Bankruptcy Code sections 105 and 349) that this Order and the rights granted to the Purchaser hereunder shall remain effective and shall remain binding as set forth above, notwithstanding any subsequent dismissal, conversion or appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to trustee(s) such terms and provisions likewise shall be binding.

18. The failure specifically to include any particular provisions of the Sale Agreement or the other Transaction Documents in this Order shall not diminish or impair the effectiveness of such provision, and the Sale Agreement is authorized and approved in its entirety. The Transaction Documents or any other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, in accordance with the terms thereof, without further order of the Court. To the extent that any provision of the Transaction conflicts with or is, in any way, inconsistent with any provision of this Order, this Order shall govern and control.

19. All payment or reimbursement obligations of the Debtors owed to the Purchaser pursuant to the Sale Agreement or the other Transaction Documents shall be paid in the manner provided therein, without further order of this Court. All such obligations shall constitute allowed administrative claims against the Debtors, with first priority administrative expense status under sections 503(b) and 507(a)(2) of the Bankruptcy Code. Until satisfied in full in cash, all such obligations shall continue to have the protections provided in this Order, and shall not be discharged, modified, or otherwise affected by any chapter 11 plan for the Debtors.

20. Notwithstanding Bankruptcy Rules 6004(h) and 9014, this Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the stays provided in Bankruptcy Rules 6004(h) are hereby expressly waived and shall not apply.

Accordingly, the Debtors are authorized and empowered to close the Sale and upon entry of this Order.

21. Nothing in this Order shall modify or waive any closing conditions or termination rights in the Sale Agreement, and all such conditions and rights shall remain in full force and effect in accordance with the terms therein.

22. The New York County Clerk is authorized to record the necessary deeds and all other documents as so executed.

23. Within three days after closing, the Debtors shall file a closing report on the docket of this case, with notice to the United States Trustee, reporting the Debtors' closing disbursements.

24. This Court shall retain jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b), to, among other things, (a) interpret, implement, and enforce the terms and provisions of this Order, the Sale Agreement, the other Transaction Documents, any amendments thereto, and any waivers and consents given thereunder, (b) compel delivery of the Property to the Purchaser, and (c) enforce the injunctions and limitations of liability set forth in this Order.

Dated: December 17, 2024
       New York, New York

                                    s/Michael E. Wiles
                                    HONORABLE MICHAEL E. WILES
                                    UNITED STATES BANKRUPTCY JUDGE